**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WAYNE MILLER,

        Plaintiff,

vs.                                   Case No.:

PATRICK STUBBE, in his individual capacity,

        Defendant.

_____//

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2.    Jurisdiction of this Court is based upon 28 U.S.C. § 1331.

3.    The events that give rise to this action took place at the Naples Jail Center, located at 3347 Tamiami Trail, Naples, Florida 34112 (the "Subject Premises").

4.    Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) since the Defendant is an employee of Collier County and the acts providing the legal basis for this Complaint occurred in Naples, Collier County, Florida.

1

## PARTIES

5.    At all times material hereto, Plaintiff Wayne Miller ("Plaintiff" or "Mr. Miller") was a resident of southwest Florida.

6.    At all times material hereto, Defendant Patrick Stubbe ("Stubbe") was employed as a sergeant of the Collier County Sheriff's Office ("CCSO"), and was acting under the color of state law. Defendant Stubbe is being sued in his individual capacity.

## FACTUAL BACKGROUND

7.    On June 26, 2022, Plaintiff Wayne Miller was in custody of the Collier County Sheriff's Office when he was transported from Naples' Mercato entertainment plaza to the Naples Jail Center (the "Subject Premises")

8.    Mr. Miller was restrained and in the custody of approximately six Collier County Sheriff's Officers during his intake and identification process at the Subject Premises.

9.    During the intake and identification process at the Subject Premises, Mr. Miller was unarmed, not committing any criminal violation,  and outnumbered by multiple CCSO officers when Defendant Patrick Stubbe imposed violent force upon Mr. Miller.

10.    Defendant Stubbe, while Mr. Miller was unarmed, not committing any criminal violation,  and outnumbered by multiple CCSO officers, struck Mr. Miller's

2

face and executed a violent takedown of Mr. Miller wherein he slammed Mr. Miller's head and body into the tile floor.

11.    While Mr. Miller was on the floor in a compromised position and physically restrained by Defendant Stubbe and another officer, Defendant Stubbe launched at least seven punches into Wayne Miller's face, head, torso, and ribs as multiple CCSO officers watched the excessive violent assault and batteries from a few feet away.

12.    Mr. Miller required emergency treatment for his injuries, which include but are not limited to, broken ribs, a fractured eye socket, and severe facial swelling, as a result of the blunt force trauma that he sustained at the hands of Defendant Stubbe.



13.    At all times material hereto, Mr. Miller was unarmed, outnumbered by multiple law enforcement officers, did not pose an imminent threat towards any law enforcement officer or civilian, and was not committing a crime.

14.    At the time that Defendant Stubbe violently assaulted and battered Mr. Miller, Defendant Stubbe did not reasonably believe such force was necessary to defend himself or others from bodily harm.

15.    At the time that Defendant Stubbe violently assaulted and battered Mr. Miller, Defendant Stubbe used excessive and unnecessary force, did not give any warning regarding the use of deadly force, and did not reasonably believe that Mr. Miller had committed a crime involving the threatened infliction of serious physical harm to another person.

16.    At the time that Defendant Stubbe violently assaulted and battered Mr. Miller, Mr. Miller was in a compromised position, restrained by multiple CCSO officers, and he was not running away.

17.    The force used by Defendant Stubbe against Wayne Miller was excessive, and said force was inflicted against Mr. Miller in blatant violation of his Fourth Amendment rights.

18.    The force, actions, and omissions of Defendant Stubbe caused Mr. Miller to sustain traumatic injuries and significant damages.

4

19.    The actions and omissions of Defendant Stubbe complained of herein were done intelligently, knowingly, purposely, intentionally, willfully, wantonly, maliciously, unlawfully, with disregard, deliberate indifference, and gross negligence, and were objectively unreasonable.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

### Against Defendant Patrick Stubbe, individually

20.    Plaintiff Wayne Miller, by and through his undersigned counsel, sues Defendant Patrick Stubbe in his individual capacity and in support thereof, states as follows:

21.    Plaintiff incorporates paragraphs 1 through 19 by reference because such paragraphs are pertinent to this Claim.

22.    The Fourth Amendment prohibits law enforcement from using excessive force against citizens suspected of criminal activity.

23.    At all times material hereto, Mr. Miller had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

24.     At all times material hereto, Defendant Stubbe was a law enforcement officer acting under color of law, and he was required to obey the laws of the United States.

25.     The use of force by Defendant Stubbe against Mr. Miller described herein was excessive, without legal justification, and was not justified by the totality of the circumstances.

26.     At all times material hereto, Defendant Stubbe was a law enforcement officer acting under color of law and was thereby required to obey the laws of the United States.

27.     Defendant Stubbe intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently assaulted, battered, violently tackled, and repeatedly punched Mr. Miller in the face, head, torso, and ribs without any lawful basis.

28.     Defendant Stubbe's actions constitute excessive force.

29.     The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were in violation of 42 U.S.C. § 1983.

30.     As a proximate result of the illegal and unconstitutional acts of Defendant Stubbe, Plaintiff Wayne Miller was harmed and continues to suffer

damages for his pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, humiliation, embarrassment, the loss of the ability to earn money, and aggravation of his pre-existing conditions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, WAYNE MILLER, demands judgment and prays for the following relief against Defendant PATRICK STUBBE:

   a.    Full and fair compensatory damages in an amount to be determined by a jury;

   b.    Punitive damages in an amount to be determined by a jury;

   c.    Reasonable attorney's fees and costs of this action; and

   d.    Any such other relief as appears just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Dated: November 24, 2025.

THE NORTH LAW FIRM, P.A. Attorney for the Plaintiff
5220 Summerlin Commons Blvd, Suite 300
Fort Myers, Fl 33907
(239) 337-1191

By:    *Joseph North Jr.*
             Joseph North, Jr. Esquire
             Fla. Bar No.1036544

7

<u>Email Designations</u>:
Primary:       jrobertnorth@thenorthlawfirm.org
Secondary:  joseph@thenorthlawfirm.org
                    mikelkinser@thenorthlawfirm.org
                    clg@thenorthlawfirm.org